UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Elijah White, #92738-071, | ) | C/A No. 3:08-3681-PMD-JRM |
| | ) | |
| Petitioner, | ) | Report and Recommendation |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America, | ) | |
| Warden M. Rivera, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Introduction

The petitioner, Elijah White, is a prisoner at the Estill Federal Correctional Institution, where he is serving a sentence imposed by this district court. In a petition filed pursuant to 28 U.S.C. § 2241, petitioner seeks to vacate his 360-month sentence in order to obtain a reduced sentence within his alleged guideline range of 97-121 months. Because the petitioner seeks to overturn his federal sentence, he must proceed pursuant to 28 U.S.C. § 2255. Therefore, this petition should be summarily dismissed.

*Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Court is required to construe *pro se* petitions

liberally. *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 9. However, even under this less stringent standard, the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Furthermore, even if the plaintiff had paid the full filing fee, this Court is charged with screening the plaintiff's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules governing 2254 and Habeas Corpus cases.

## Background

Petitioner was convicted by guilty plea in this district court of conspiracy to possess with intent to distribute and distribution of cocaine and cocaine base or "crack" in violation of 21 U.S.C. § 841(a)(1). *United States v. Elijah Jerome White*, Cr. No. 2:98-455-PMD-4 (D.S.C. 2001). In his plea agreement, petitioner had stipulated that he had at least two prior felony drug convictions within the meaning of 21 U.S.C. § 851. *See United States v. White*, 54 Fed. Appx. 576, *available at* 2002 WL 31819670 (4th Cir. 2002). On June 26, 2001, this district court sentenced petitioner to 360 months and 10 years of supervised release. On direct appeal, petitioner argued that he was improperly labeled as a "career offender" under the USSG § 4B1.1 because:

2

> [T]he earlier convictions upon which the classification was based were merely part of an ongoing conspiracy involving the same people with whom he was charged with conspiring in the instant offense. Hence, he contends, they were part of the instant offense and therefore should not have been considered 'prior convictions' under the guidelines.

*United States v. White*, 54 Fed. Appx. 576, *available at* 2002 WL 31819670 **2 (4th Cir. 2002). The Fourth Circuit Court of Appeals rejected this argument by finding, "[t]he superseding indictment alleges that the conspiracy for which White was convicted began in 1995. The three prior felony convictions in question occurred well before 1995. We find this claim is wholly without merit." *Id.* Petitioner also argued that he was improperly given the career offender enhancement because "the Government failed to provide the required statutory notice of prior convictions before the guilty plea." *Id.* The Court rejected this claim because "White stipulated to 'a prior conviction for a felony drug offense' in his plea agreement. He does not contend on appeal that the plea agreement is somehow invalid or that his plea was not knowingly and voluntarily entered. Accordingly, he is bound by the terms of his plea agreement." *Id.* The Court of Appeals affirmed petitioner's conviction and sentence. *See United States v. White*, 54 Fed. Appx. 576, *available at* 2002 WL 31819670 (4th Cir. 2002).

On February 3, 2003, petitioner filed a *pro se* motion pursuant to 28 U.S.C. § 2255 to vacate his sentence. *White v. United States*, C/A No. 2:03-379-PMD (D.S.C. 2003). The grounds raised therein were: involuntary guilty plea / he was not informed of the possible penalty; denial of the effective assistance of counsel; court erred by accepting the guilty plea without probing into the petitioner's mental health history; ineffective assistance of appellant counsel. *Id.* (at Docket Entry 1.) On August 20, 2003, this district court rejected each of the grounds on the merits and granted the government's motion to dismiss the § 2255 habeas petition. *Id.* (at Docket Entry 12.) Petitioner

3

appealed his § 2255 case to the Fourth Circuit. On May 25, 2004, the Fourth Circuit Court of Appeals filed an unpublished corrected opinion which denied the request for a certificate of appealability and dismissed the appeal. *Id.* (at Docket Entry 19.)

On June 29, 2007, petitioner filed in this court a habeas petition pursuant to 28 U.S.C. § 2241.[1] *White v. Warden M. Rivera*, C/A No. 3:07-1803-PMD-JRM (D.S.C. 2007). The grounds raised were: court erred by depriving petitioner counsel of choice; petitioner is actually innocent of the sentencing enhancement of obstruction of justice; the cases of *Booker* and *Apprendi* should entitle him to habeas relief; a conflict of interest between petitioner and counsel should entitle him to an automatic reversal. *Id.* (at Docket Entry 1.) Petitioner argued that he was permitted to proceed with a § 2241 petition because § 2255 was inadequate or ineffective. This district court ruled that the petitioner who beared the burden of affirmatively showing the inadequacy or ineffectiveness of § 2255 failed to do so. *Id.* (at Docket Entry 11.) The court noted that petitioner had failed to meet the test set forth within *In re Jones*, 226 F.3d 328, 332-33 (4th Cir. 2000), and that *Poole v. Dotson*, 469 F.Supp.2d 329 (D. Md. 2007), was distinguishable because unlike this petitioner the inmate in *Poole* was able to prove that after his first § 2255 petition one of the prior convictions used to enhance his conviction had been set aside. *Id.* (at Docket Entry 11.) On September 21, 2007, this district court summarily dismissed the petition without prejudice because he was not entitled to proceed under § 2241; he had failed to demonstrate § 2255's inadequacy or ineffectiveness. *Id.* This

---

[1] It appears that between the petitioner's filing his first § 2255 in this court in 2003 and his first § 2241 in this court in 2007, the petitioner filed two separate habeas petitions in this court pursuant to § 2254 which attacked his state court convictions from Charleston County and Berkeley County. *See White v. Hamdullah,* C/A No. 3:05-2342-PMD-JRM and *White v. South Carolina,* C/A No. 3:06-2141-PMD-JRM. It appears that both actions were terminated in the respondents' favor due to the AEDPA time bar.

district court noted that a claim of "actual innocence" concerning an enhancement is not a cognizable claim under § 2241. *Id.* (at Docket Entry 11 n.2.) The petitioner appealed his first § 2241 action to the Fourth Circuit Court of Appeals, and on January 28, 2008, that Court affirmed the denial of the § 2241 petition for the reasons stated by this district court. *Id.* (at Docket Entry 17.)

Discussion

In the § 2241 petition *sub judice*, the petitioner raises one ground for relief, that he is "actually innocent of being a Career Offender." (Docket Entry 1 at 4.) Petitioner relies upon *Poole v. Dotson*, 469 F. Supp. 2d 329, 333 (D. Md. 2007), to argue that actual innocence of a career offender sentencing enhancement is cognizable under § 2241.[2] This court notes that in a published opinion, *United States v. Poole*, 531 F.3d 263 (4th Cir. June 20, 2008), the Fourth Circuit Court of Appeals reversed the district court's *Poole* decision and remanded with instructions. The Court of Appeals found that the District Court of Maryland did not have custody over the petitioner and therefore no jurisdiction to hear the § 2241 petition, and the Court declined to address the legal conclusions of the district court. *Id.* at 274. Accordingly, this court should give no weight to that district court opinion relied upon by petitioner.

In this district court's September 21, 2007, order filed in the petitioner's first § 2241 action, the court explained that an argument of "actual innocence" concerning an enhancement is not the type of argument that courts have recognized may warrant review under § 2241.[3] *E.g., Davis v. United States*, C/A No. 8:05-2778-GRA-BHH, *available at* 2006 WL 89505 *6 (D.S.C. 2006);

---

[2] *Poole* is the same case he relied upon in his previous § 2241 petition filed in this court.

[3] The petitioner could have made a cognizable legal argument – that his prior convictions were not punishable by more than one year – on direct appeal and during his § 2255 action.

*Anderson v. Pettiford*, C/A No. 8:07-943-CMC-BHH, *available at* 2007 WL 1577673 *5 (2007) (a claim of actual innocence of an enhanced sentence – not of the underlying criminal conviction – is not cognizable by a federal prisoner under § 2241), *aff'd* 241 Fed. Appx. 934 (4th Cir. 2007); *Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000) (actual innocence of being a career offender does not warrant review under § 2241 unless perhaps a petitioner had been convicted for a nonexistent offense). Petitioner now argues that after his first § 2255 was denied on the merits "the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." (Docket Entry 1 at 9.) However, petitioner does not point to any changed substantive law.

Instead, petitioner claims that he now has "clear and convincing evidence that was not presented during the time of sentencing," and therefore this court should grant him habeas relief pursuant to § 2241. (Docket Entry 1 at 15.) He asserts that "none of his prior felony convictions meets the criteria for the controlled substance definition," which is punishable by imprisonment for a term exceeding one year. Factually, the petitioner argues that he has documents related to his prior criminal convictions which do not state anything on their face about being punishable for more than one year and that he did not admit during his guilty plea hearing that his prior convictions were punishable by more than one year. Petitioner argues that he attached "'critical physical evidence' that was not presented at sentencing and this evidence supports his being actual (sic) innocent of the 4B1.1 career offender enhancement." (Docket Entry 1 at 13.) For example, petitioner alleges that with regard to a 1992 state court charge, possession of crack with intent to distribute, the indictment did not state a drug quantity. (Docket Entry 1 at 18-19.) The court has reviewed all of the attachments submitted by the petitioner which he alleges to be "'critical physical evidence' that was

6

not presented at sentencing." (Docket Entry 1 at 23-56.) Each document is dated prior to petitioner's sentencing on June 26, 2001, and although they may not have been presented during the sentencing, they were in existence. Therefore, these documents should not be considered as new evidence.[4]

The petitioner's alleged "actual innocence" of a sentencing enhancement does not provide a legal or factual ground for relief in the petitioner's case. This court believes that the petitioner does not satisfy the § 2255 savings clause, and, thus, he should not be permitted to proceed under § 2241.[5] This action is very similar to his prior § 2241 action (which also argued that a different sentencing enhancement was error), and by attaching copies of his state court criminal records, the petitioner cannot bring about a different result in this § 2241 action. The petitioner is trying to take yet another "bite at the apple." However, by litigating his first § 2255 petition on the merits, the

---

[4] Even if it is *newly discovered* evidence, the documents do not appear to reveal any facts that would cause a reasonable factfinder to have acquitted the petitioner of the offense -- that is, the federal drug conspiracy count.

[5] The Fourth Circuit has unequivocally held that "§ 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. A contrary rule would effectively nullify the gatekeeping provisions." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (citations omitted). Nonetheless, the Court has concluded, "[T]here must exist some circumstance in which resort to § 2241 would be permissible; otherwise, the savings clause itself would be meaningless." *Id.*

In only one scenario has the Fourth Circuit deemed "§ 2255 inadequate and ineffective to test the legality of a conviction":

[W]hen: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333-34. If a federal prisoner's claim fails to meet this criteria, he is precluded from relief under § 2241.

petitioner had his one "bite at the apple." *See In re Goddard*, 170 F.3d 435 (4th Cir. 1999) (noting that a normal federal criminal defendant, after a conviction and entry of judgment, may pursue a direct appeal and thereafter "take 'one further bite at the apple' in a § 2255 motion").

Recommendation

Accordingly, it is recommended that the district court dismiss the petition in the above-captioned case *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and Rule 4 and 1(b) of the Rules Governing § 2254 Cases ([i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner). ***The petitioner's attention is directed to the important notice on the next page.***

Joseph R. McCrorey
United States Magistrate Judge

November 19, 2008
Columbia, South Carolina

8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).