IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| ELIJAH WHITE, # 92738-071, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> WARDEN M. RIVERA, ) <br> THE UNITED STATES OF AMERICA, ) <br> ) <br> Respondents. ) <br> _____) | C.A. No.: 3:08-3681-PMD-JRM <br><br> **ORDER** |

This matter is before the court upon *pro se* Petitioner Elijah White's ("Petitioner") Petition for Habeas Corpus relief pursuant to 28 U.S.C. § 2241, which was filed on November 7, 2008. The matter was referred to United States Magistrate Judge Joseph R. McCrorey to conduct a review of Petitioner's case pursuant to 28 U.S.C. § 1915. On November 20, the Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that Petitioner's Petition be dismissed. Petitioner filed timely Objections to the R&R on December 3. For the following reasons, the Court hereby dismisses Petitioner's habeas petition.

**BACKGROUND**

Petitioner is an inmate in federal custody being held at the Federal Correctional Institution at Estill ("FCI-Estill"), proceeding *pro se* and *in forma pauperis* in this matter.

In 2001, Petitioner pled guilty in this Court to charges of possession with intent to distribute and distribution of "crack" cocaine in violation of 21 U.S.C. § 841(a)(1). As part of his plea agreement, Petitioner admitted that he had at least two prior felony drug convictions within the meaning of 21 U.S.C. § 851. This was meaningful in Petitioner's sentencing under the United States Sentencing Guidelines, because it meant he was given "career offender" status,

and resulted in Petitioner being sentenced to 360 months in federal custody and 10 years of supervised release.

Petitioner filed a direct appeal of his sentence, arguing that he should not have been labeled as a "career offender" pursuant to USSG § 4B1.1 because the prior convictions were part of the same ongoing conspiracy as his conviction in this Court. The Fourth Circuit rejected this claim, holding that the federal indictment was for a conspiracy beginning in 1995, but his two prior convictions occurred prior to 1995. *United States v.* White, 54 Fed. Appx. 576 (4th Cir. 2002). The court also held that his status was valid because he knowingly and voluntarily acknowledged that he had two separate prior felony convictions as part of his plea agreement.

On February 3, 2003, Petitioner filed a motion for habeas relief pursuant to 28 U.S.C. § 2255, seeking to vacate his sentence. He claimed that his guilty plea was involuntary and he did not know the consequences of such an action, that he was mentally incapable of making such a decision, ineffective assistance of trial/sentencing counsel, and ineffective assistance of appellate counsel. On August 20, 2003, this Court rejected each of these claims on the merits. *White v. United States*, C/A No. 2:03-379-PMD (D.S.C. Aug. 20, 2003). Petitioner appealed this Court's order to the Fourth Circuit, which was denied.

In 2005 and 2006, Petitioner filed two separate motions for habeas relief in this Court pursuant to 28 U.S.C. § 2254, seeking to invalidate his two state court convictions. Both of these petitions were filed outside of the period allowed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") time limitation, and were thus dismissed as time-barred.

On June 29, 2007, Petitioner filed a motion for habeas relief pursuant to 28 U.S.C. § 2241 in this Court, asserting that he was deprived of the counsel of his choice, that his sentencing was

invalid under *Booker* and *Apprendi*, and that there was a conflict of interest between he and his trial counsel. This Court, applying § 2241's requirement that that section only provided habeas relief where § 2255 was inadequate or ineffective, held that Petitioner had failed to show how or why § 2255 was inadequate or ineffective, and therefore § 2241 provided him with no grounds for relief. In so doing, this Court noted that "actual innocence" was a claim properly brought under § 2255, not § 2241. Petitioner appealed this Court's decision to the Fourth Circuit, which again denied his appeal.

In his present habeas petition, Petitioner again seeks habeas relief under § 2241, on the grounds that he is "actually innocent of being a Career Offender."

## **STANDARD OF REVIEW**

### I.     The Magistrate Judge's R&R

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 269 (1976). The Court reviews *de novo* those portions of the R&R to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1)(C). As to those portions of the Report for which no such specific written objections are made, the Court "need not conduct a *de novo* review, but must instead only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). After a review of the entire record, the R&R, Petitioner's Petition and his Objections, the Court finds the Magistrate Judge fairly and accurately summarized the facts and

applied the correct principles of law. Accordingly, the Court adopts the R&R and fully incorporates it into this Order.

**II.     28 U.S.C. § 1915**

The Prison Litigation Reform Act ("PLRA") permits a prisoner to file, with court authorization, a civil action without prepayment of fees if he or she submits an affidavit of assets that shows that they are unable to pay such fees. 28 U.S.C. § 1915(a)(1). However, a complaint in such a case is also subject to additional screening procedures, and may be dismissed under § 1915(e)(2)(B) where the court determines that "the action or appeal–(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

The standard to be applied in determining whether or not a claim should be dismissed for failing to state a claim on which relief may be granted under § 1915(e)(2)(B)(ii) is the same standard which is applied to determine whether a claim should be dismissed for the same reason under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). A court should only dismiss a case pursuant to Rule 12(b)(6) if, after accepting all well-pleaded allegations in the complaint as true, it appears certain that the plaintiff cannot prove any set of facts in support of his claims that entitles him to relief. *See Edwards v. City of Goldsboro,* 178 F.3d 231, 244 (4th Cir. 1999). The complaint should not be dismissed unless it is certain that the plaintiff is not entitled to relief under any legal theory that might plausibly be suggested by the facts alleged. *See Mylan Labs. Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

## ANALYSIS

A habeas petition brought under § 2241 may only be granted if the remedy provided by § 2255 is inadequate or ineffective. *United States v. Hayman*, 342 U.S. 205 (1952). This is provided by the "savings clause" of § 2255, which states that an application for federal habeas relief must be filed under § 2255 "unless it also appears that the remedy by [2255] motion is inadequate or ineffective to test the legality of his detention." Petitioner claims that he is actually innocent of being a career offender, and that § 2255 is inadequate to provide him with the relief which he asserts that justice requires.

Petitioner's claim relies, in large part, upon the case of *Poole v. Dotson*. 469 F. Supp. 2d 329, 333 (D. Md. 2007). In that case, a district court granted a habeas petitioner's claim for relief pursuant to § 2241 where a state court had set aside one of the convictions which was a component of the petitioner's "career offender" status for federal sentencing purposes. The district court judge held that under these circumstances, § 2255 was indeed inadequate and ineffective to provide the petition with relief.

However, *Poole* was reversed by the Fourth Circuit on the Government's appeal. *United States v. Poole*, 531 F.3d 263 (4th Cir. 2008). There, the Fourth Circuit pointed out that "Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence." *Id*. at 267 n.4 (citing *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000)). Therefore, to the extent that Petitioner is relying upon the district court's decision as

*Poole* to support his argument that claims for habeas relief may be brought under § 2241 challenging only the imposition or conditions of a sentence, this reliance fails.[1]

Petitioner's essential claim is that he has evidence that was not presented to this Court at the time of his sentencing. He claims that there was certain exculpatory evidence regarding one or both of his underlying state court convictions that he did not receive from the prosecutor prior to sentencing, although he has trouble specifying what information this would be or how it affected his sentence. He also claims that the state court clerk of court did not comply with his request for information regarding his prior state court felony convictions until after his direct appeal had been decided by the Fourth Circuit.

As the Supreme Court has held, where the effect of an underlying state court conviction on federal sentencing is the core of a petitioner's claim for habeas relief, the petitioner must first invalidate the state court conviction through state court direct appeal or post-conviction relief, or § 2254 habeas relief. *Custis v. United States*, 511 U.S. 484 (1994). Here, Petitioner has done neither. Despite having ample arenas available to challenge these convictions—direct appeal, PCR claims, and § 2254—Petitioner has not been able to show in any court of law that any of these convictions are invalid. Furthermore, in the plea agreement, he explicitly acknowledged that he had committed two prior felony drug offenses.

---

[1] In his Objections, Petitioner acknowledges that the case has been overruled, but asserts that this Court should still rely upon the case because this Court relied upon the case in dismissing his previous § 2241 claim. This assertion is wrong for two reasons. First and foremost, this Court did not rely upon the district court's decision in *Poole* in its dismissal of Petitioner's previous § 2241 claim. It merely distinguished *Poole*, and pointed out how the facts of *Poole* were materially distinguishable from the facts of Petitioner's case. Furthermore, when this Court dismissed Petitioner's previous § 2241 petition, the Fourth Circuit had not yet issued its decision reversing the district court case, so this Court had no authority to say that the district court's decision was not good law in this Circuit.

The Supreme Court has held that when a petitioner is claiming actual innocence of a sentencing factor, they are held to a much higher standard than petitioners claiming actual innocence of the underlying crime.  *Calderon v. Thompson*, 523 U.S. 538 (1998).  The Fourth Circuit has explicitly said that a petitioner claiming actual innocence of an underlying sentencing factor must do so by "clear and convincing evidence."  *Buckner v. Polk*, 453 F.3d 195 (4th Cir. 2006).

However, the Fourth Circuit has also noted that the savings clause does not give inmates who are only challenging their sentences, not their convictions, recourse under § 2241.  *Poole*, 531 F.3d at 267 ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence.").  This Court has on several occasions barred inmates from using § 2241 to invalidate sentencing enhancements by claiming that § 2255 is inadequate or ineffective in allowing a petitioner to seek such relief.  *See, e.g.*, *Anderson v. Pettiford*, 2007 WL 1577673 (D.S.C. May 31, 2007); *Davis v. United States*, 2006 WL 89505 (D.S.C. Jan. 12, 2006); *see also Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000).  Yet this is exactly what Petitioner seeks to do in the present case.

Therefore, this Court holds that the Magistrate Judge was correct in his determination that Petitioner's claim under § 2241 should be dismissed, because "[t]he petitioner is trying to take yet another 'bite at the apple.'"  (R&R at 7.)  Petitioner had numerous opportunities to challenge the underlying state court felony drug convictions, and he was not able to successfully do so.  Petitioner also had several avenues that allowed him to challenge his federal conviction and sentence, and he was not able to successfully do so.  The savings clause provides that § 2241 is only available for federal habeas relief where § 2255 is ineffective and inadequate.  However, § 2255 is commonly used to vacate or alter federal sentences, and Petitioner has given no reason

7

why it was ineffective and inadequate in the present case.  Furthermore, as the Magistrate Judge correctly noted, all of Petitioner's proposed "new evidence" was in existence prior to his federal trial, sentencing, appeal, and habeas claim.  Therefore, these cannot be considered "new evidence" for the purposes of giving rise to a § 2241 claim.  The Magistrate also correctly noted that this evidence, and Petitioner's claims, are solely concerned with minor technical defaults with the state court indictment and sentencing documents, and fall far short of establish "actual innocence" of any of those charges by clear and convincing evidence, especially in light of the fact that Petitioner explicitly acknowledged that he had committed those crimes in his plea agreement.

Accordingly, the Magistrate Judge was correct in finding that Petitioner's claim for relief under § 2241 fails as a matter of law, and the Court hereby adopts the Magistrate Judge's R&R and dismisses Petitioner's petition for habeas relief.

## **CONCLUSION**

It is therefore **ORDERED**, for the foregoing reasons, that Petitioner Elijah White's Petition for relief under 28 U.S.C. § 2241 is **DISMISSED**.

**AND IT IS SO ORDERED**.

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**

**May 21, 2009**